

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CAPE PLC, individually and as successor in interest to CAPE ASBESTOS COMPANY LIMITED, by and through its duly appointed Receiver, Peter D. Protopapas,<br><br>     Plaintiff,<br><br>vs.<br><br>ANGLO AMERICAN PLC, individually and a successor in interest to ANGLO AMERICAN CORPORATION OF SOUTH AFRICA LTD., et al.,<br><br>     Defendants. | C/A No. 3:24-3771-MGL<br><br><br><br><br><br><br><br>**ORDER GRANTING MOTION TO REMAND** |

## I. FACTUAL AND PROCEDURAL HISTORY

On June 30, 2023, Plaintiff Cape plc, by and through its Receiver, Peter D. Protopapas (the "Receiver"), filed a third-party complaint in the Richland County, South Carolina, Court of Common Pleas, against numerous third-party defendants. The Receiver alleges the third-party defendants, including their predecessors in interest, agents, co-conspirators, and/or amalgamated corporate parents, transacted business throughout the United States, including South Carolina, for the sale and use of asbestos or asbestos-containing products that resulted in thousands of injuries and deaths from mesothelioma and other asbestos-related diseases. The Receiver alleges a complex scheme whereby

Cape plc and the third-party defendants cooperated in marketing and distributing asbestos to South Carolina-based clients, including Raybestos Manhattan, Inc. and Westinghouse Electric Corp., and to other entities conducting business in South Carolina. According to the Receiver, Cape plc and the third-party defendants, fully aware of the hazards of exposure to asbestos, structured their relationships and coordinated their activities to avoid the potential for substantial financial liability. The Receiver asserts causes of action for unjust enrichment (First Cause of Action), constructive trust (Second Cause of Action), alter ego and veil-piercing liability (Third Cause of Action), and accounting (Fourth Cause of Action), *See generally* Third-Party Compl., ECF No. 1-2.

On June 28, 2024, Defendant Anglo American plc ("Anglo American") filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Anglo American asserts it learned on June 18, 2024 that the state court personal injury complaint from which the third-party complaint is purported to be derived, *Tibbs v. 3M Company*, C/A No. 2023-CP-40-01759, had been dismissed weeks before the Receiver filed the third-party complaint. Anglo American submits the Receiver's lawsuit is, and always has been, a first-party action removable on the basis of diversity jurisdiction.

This matter is before the Court on the Receiver's motion to remand, which motion was filed on July 2, 2024. ECF No. 7. Anglo American filed a response in opposition to the motion to remand on July 16, 2024. ECF No. 45. Also on July 16, 2024, responses in opposition to the motion were filed by Defendants Charter Consolidated Ltd., ESAB Corporation, and Central Mining & Investment Corporation Ltd. (the "Charter Defendants"); Mohed Altrad and Altrad Investment Authority, SAS (the "Altrad Defendants"); and ArranCo US, LLC; Hawk Bidco (US) Inc.; and Sparrows Offshore, LLC (the "Sparrows Defendants") (collectively with Anglo American the "Responding Defendants"). ECF Nos. 46, 47, 48. The Receiver filed a reply to the Responding

Defendants' responses on July 23, 2024. ECF No. 67. Having carefully considered the motion, the notice of removal, the responses, the reply, the record, and the applicable law, it is the judgment of the Court the Receiver's motion to remand will be granted.

## II. STANDARD OF REVIEW

The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). When considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Woods v. Marshak*, Civil Action No. 3:23-4472-MGL, 2024 WL 3541217, at *2 (D.S.C. July 25, 2024) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988)). "'Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss.'" *Id.* (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)). The Court is "'obliged to construe removal jurisdiction strictly because of the significant federalism concerns implicated.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). Federal courts consider the facts disclosed on the record as a whole. *Capitol Cake Co. v. Lloyd's Underwriters*, 453 F. Supp. 1156, 1160 (D. Md. 1978)(citing 14 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3734, at 738 (1976)(collecting cases)).

## III. DISCUSSION

**A.     *Barton* Doctrine**

The Receiver first argues that this Court lacks subject matter jurisdiction because the Receiver's third-party claims fall within the exclusive jurisdiction of the Receivership Court under the doctrine articulated in *Barton v. Barbour*, 104 U.S. 126 (1881). This Court agrees.

In *Barton*, the plaintiff was injured when a railroad sleeping car in which she was a passenger derailed. She brought a claim for her injuries against the receiver of the railroad company in the Supreme Court of the District of Columbia. The receiver asserted the District of Columbia court lacked jurisdiction because, having been appointed receiver "of all the property, rights, and franchises of said railroad company" by virtue of a decree made by the circuit court for the City of Alexandria, Virginia, the property of the railroad company could not be subject to any claim absent leave of the Alexandria circuit court. 104 U.S. at 127. The Court found that leave of the appointing court is necessary to prevent a claimant from taking property from the receivership "without regard to the rights of other creditors or the orders of the court which is administering the trust property." *Id.* at 129. The Court observed:

> The property is a fund in court to abide the result of the litigation, and to be applied to the payment of the judgment creditor who has filed his bill to remove impediments in the way of his execution. If he has succeeded in establishing his right to the application of any portion of the fund, it is the duty of the court to see that such application is made. And in order to effect this, the court must administer it independently of any rights acquired by third persons pending the litigation. Otherwise the whole fund may have passed out of its hands before the final decree, and the litigation become fruitless.

*Id.* (quoting *Wiswall v. Sampson*, 55 U.S. 52 (1852)).

Later, in *Porter v. Sabin*, 149 U.S. 473 (1893), two officers of Northwestern Manufacturing & Car Company ("Northwestern") allegedly engaged in fraudulent misappropriation of property of the company. A receiver was appointed who took control of Northwestern's property and tangible assets. The receiver petitioned the appointing court for authority to bring an action against the officers, but the petition was denied. Consequently, stockholders of the company sought to maintain the claim and to make the receiver a defendant. The district court dismissed for lack of jurisdiction.

4

On appeal, the Supreme Court upheld the lower court's ruling, explaining:

> When a court exercising jurisdiction in equity appoints a receiver of all the property of a corporation, the court assumes the administration of the estate. The possession of the receiver is the possession of the court; and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it.
>
> It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit, as in its judgment may be most beneficial to those interested in the estate. Any claim against the receiver or the corporation the court may permit to be put in suit in another tribunal against the receiver, or may reserve to itself the determination of; and no suit, unless expressly authorized by statute, can be brought against the receiver without the permission of the court which appointed him.
>
> The reasons are yet stronger for not allowing a suit against a receiver appointed by a state court to be maintained, or the administration by that court of the estate in the receiver's hands to be interfered with, by a court of the United States, deriving its authority from another government, though exercising jurisdiction over the same territory. The whole property of the corporation within the jurisdiction of the court which appointed the receiver, including all its rights of action, except so far as already lawfully disposed of under orders of that court, remains in its custody, to be administered and distributed by it. Until the administration of the estate has been completed, and the receivership terminated, no court of the one government can, by collateral suit, assume to deal with rights of property or of action constituting part of the estate within the exclusive jurisdiction and control of the courts of the other.

*Id.* at 479-80.

Here, the state court appointed the Receiver pursuant to S.C. Code Ann. § 15-65-10. "A receiver represents the Court appointing him; he is an officer of the Court and is the agency through which the Court acts. As he has no power other than that given him by the Order of appointment, his authority is derived solely from the Court. He is subject only to the Court's direction." *Kirven v. Lawrence*, 137 S.E.2d 764, 768 (S.C. 1964)(citing cases). These precedents make clear this Court lacks subject matter jurisdiction over this matter absent approval by the state court.

The Court of Appeals for the Fourth Circuit recently considered *Barton* and *Porter* in a case related to this action, *Protopapas v. Travelers Casualty & Surety Co.*, 94 F.4th 351 (4th Cir. 2024). In *Travelers*, Peter D. Protopapas, as receiver for Payne & Keller Company, brought an action in state court against various insurance companies, alleging the insurers failed to defend or indemnify Payne & Keller Company with respect to asbestos law suits in South Carolina. The receiver sought declaratory relief and asserted causes of action for breach of contract, accounting, and failure to procure insurance. Travelers Casualty & Surety Company ("Travelers") filed a notice of removal on the grounds of diversity jurisdiction. *See Protopapas v. American Int'l Grp.*, C/A No. 3:21-4086-DCC. The receiver filed a motion to remand. The district court granted the motion, relying, in part, on *Barton* and *Porter*. The district court concluded that "*Barton*, and its subsequent application in *Porter*, act as a limitation on federal jurisdiction when a state court has previously exercised its authority by appointing a receiver to handle the administration of property; to allow this matter to continue in federal court would directly interfere with the exclusive jurisdiction of the receivership court over this dispute." Op. and Order, ECF No. 180 at 5-6 (C/A No. 3:21-4086-DCC). Travelers appealed.

The Fourth Circuit dismissed the appeal under 28 U.S.C. § 1447(d).[1] In doing so, the Fourth Circuit was required to ascertain whether the district court "relied upon a ground that is *colorably*

---

[1] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." This section, read in conjunction with 28 U.S.C. § 1447(c), "bars appellate court review of remand orders when they are based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Travelers*, 94 F.4th at 356 (internal quotations omitted)(quoting *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008)).

6

characterized as subject-matter jurisdiction[.]" *Travelers*, 94 F.4th at 356 (emphasis in original) (quoting *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 234 (2007)). The Fourth Circuit proceeded to "take a brief peek at the district court's reasoning to satisfy [itself] that a lack of subject-matter jurisdiction was a colorable or plausible explanation of the legal ground on which the court actually relied for remand." *Id.* The Fourth Circuit concluded:

> Thus, when applying the *Barton* doctrine, the district court plausibly concluded that a federal court lacks jurisdiction over a state receivership or a state-court appointed receiver with respect to assets of the receivership because the state court has exclusive jurisdiction over the assets of the receivership. Exercising federal jurisdiction over a suit by or against a state-appointed receiver, who functions as an "arm" or "executive" of the state-receivership court, would infringe on the state court's control over the receivership assets — its exclusive jurisdiction. Thus, as a matter of comity, as well as custom, the *Barton* doctrine rests on this exclusivity of the state receivership over the assets before it as a matter of jurisdiction[.]

*Id.* at 358 (citing cases).

The Removing Defendants contend the *Barton* doctrine does not apply because (1) since the Removing Defendants do not have assets in South Carolina, removal does not interfere with the state court's control over in-state assets; (2) the Receiver is acting *ultra vires* because he cannot assert control over assets outside of South Carolina; (3) the Receiver's lawsuit violates the Commerce Clause of the United States Constitution; (4) and the Receiver's lawsuit violates South Carolina's receivership statute. Anglo American's Opp'n to Pl.'s Mot. to Remand, ECF No. 45 at 19-28.[2]

---

[2]The Court will generally reference Anglo American's response in opposition to the Receiver's motion to remand. The Charter Defendants join in the briefs filed by the other Responding Defendants. ECF No. 46. The Altrad Defendants reiterate Anglo American's assertions neither *Home Depot* nor *Barton* deprives the Court of subject matter jurisdiction. ECF No. 47. The Sparrows Defendants claim the Receivership violates the United States and South Carolina Constitutions. They also argue the Receivership violates the South Carolina statutory receivership framework and precedent by purporting to exert control over foreign third parties and foreign assets and expanding into matters unrelated to the initial appointment by the state court. The Sparrows Defendants also contend the *Barton* doctrine and the *Home Depot* opinion are inapplicable. ECF

These and other questions interpreting the statutory authority of the Receiver must be raised in state court and, if necessary, appealed through the state system. It is not for this Court to sit in judgment of the Receiver's actions taken as a representative of the court that appointed him. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The Receiver's motion to remand is granted on this ground.

**B.     *Home Depot* Ruling**

The Receiver also contends the holding in *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435 (2019), compels remand. This Court agrees.

In *Home Depot*, a third-party counterclaim defendant attempted to remove the counterclaim filed against it. The Court reviewed the limited jurisdiction granted to the federal courts by Congress, and noted Congress enacted provisions permitting parties to remove cases originally filed in state court to federal court, 28 U.S.C. § 1441(a), under federal question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28 U.S.C. § 1332(a); or pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453(b). *Home Depot*, 587 U.S. at 438. The Supreme Court framed the issue as "whether the term 'defendant' in either § 1441(a) or § 1453(b) encompasses a party brought into a lawsuit to defend against a counterclaim filed by the original defendant or whether the provisions limit removal authority to the original defendant." *Id.* at 439. The Court reiterated its prior rulings that "a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Id.*

---

No. 48. The Court appreciates the efforts and arguments of all parties, and intends this order to resolve each response.

at 441 (citing cases). The Court continued:

> This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction. Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action. And because the "civil action . . . of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim. It is this statutory context . . . that underlies our interpretation of the phrase "the defendant or the defendants."

*Id.* at 441-42 (internal citations omitted).

The *Home Depot* opinion is consistent with Supreme Court precedent. In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), the question was whether a state court plaintiff subject to a counterclaim could remove the action to federal court on the grounds of diversity jurisdiction. The Court held amendments to the general removal statute indicated Congressional intent to limit the right to removal solely to defendants.[2] *Id.* at 107; *see Home Depot*, 587 U.S. at 443 (examining *Shamrock Oil* and finding no textual reason to distinguish between a counterclaim defendant who was also the original plaintiff and a counterclaim defendant who was not originally part of the lawsuit). Even though the case is not precisely on point, courts subsequently applying *Shamrock Oil* consistently refuse to grant removal power under § 1441(a) to third-party defendants. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332-33 (4th Cir. 2008)(collecting cases).

As alluded to previously, Responding Defendants contend removal is appropriate because the *Tibbs* plaintiffs' personal injury claims against Cape plc had been dismissed prior to the Receiver's filing of the third-party complaint in state court, making the third-party defendants

---

[2]Between 1875 and 1887, the general removal statute authorized "either party" to remove the action to federal court.

"indisputably original defendants." ECF No. 45 at 8. The Responding Defendants argue the Receiver cannot defeat their statutory right of removal "by filing a first party lawsuit disguised as a third party lawsuit and based upon 'first party' claims that were dismissed weeks before the sham 'third party' lawsuit was filed." *Id.* at 15.

In his reply, the Receiver submits there has been no filing of an actual dismissal of Cape plc from the *Tibbs* case because the *Tibbs* plaintiffs never dismissed Cape plc from their personal injury complaint. The Receiver states an answer on behalf of Cape plc was filed in the *Tibbs* case on June 29, 2023 because Cape plc remains a defendant in that action. The Receiver further states the tolling agreement is not a dismissal, but simply extends the statutory limitations period.[4]

A transcript of a state court hearing reflects, in part, a pretrial hearing status report in *Tibbs*. ECF No. 45-7. The following exchange took place regarding Cape plc's participation in the case.

> MR. CARROLL: Your Honor, may I – may I inquire . . . . This morning, Ms. – Ms. McVey mentioned that there are only two defendants left in Tibbs: Atlas and ACL. My understanding of – of third party practices is the cases are supposed to be tethered together. But – but I don't – . . . . I'm just wondering what happened to Cape.
>
> MS. McVEY: Cape is still in, the tolling agreement.
>
> THE COURT : Cape is still very much in it.
>
> MR. CARROLL: The tolling agreement. Okay. So they are?

ECF No. 45-7 at 156-57.

---

[3]A copy of the tolling agreement memorializing the purported dismissal of the *Tibbs* plaintiffs' claims against Cape plc is filed under seal. The tolling agreement provides that the Receiver and certain counsel consent to the dismissal of specific claims filed by counsel's clients against Cape plc without prejudice in exchange for Cape plc's assent to tolling the applicable limitations period. The purpose of the agreement is to allow the parties evaluate the dismissed claims outside of litigation. The agreement provides for refiling of the dismissed claims in the event settlement is not effectuated.

The Court finds, based on the state court judge's understanding, Cape plc was not dismissed from the *Tibbs* action prior to the Receiver's filing of the third-party complaint. Accordingly, *Home Depot* bars removal.

Assuming for purposes of discussion the *Tibbs* plaintiffs' person injury claims against Cape plc had been dismissed as alleged, there exists some authority for Responding Defendants' position. In *Columbian Chemicals Co. v. AIG Specialty Ins. Co.*, Civil Action No. 5:14-CV-166, 2015 WL 12755709 (N.D.W. Va. Mar. 27, 2015), Columbian Chemicals Company ("Columbian") was the defendant in a class action filed in state court. The case was resolved. The same day the class action settlement was approved, Columbian moved the state court for leave to file a third-party complaint against one of its insurers, AIG Specialty Insurance Company ("AIG"), seeking a declaration AIG was obligated to indemnify Columbian for the class action settlement. AIG removed the third-party complaint on grounds of diversity jurisdiction. Columbian moved to remand.

In addressing the motion to remand, the West Virginia district court observed some district courts hold removal is not precluded when a third-party complaint is filed after the original plaintiff's claims are dismissed. As an example, the West Virginia district court referenced *Rivera v. Fast Eddie's Inc.*, 829 F. Supp. 2d 1088 (D.N.M. 2011). In *Rivera*, Melba Rivera ("Rivera") brought a personal injury action in state court against Fast Eddie's Inc. ("Fast Eddie's"). Fast Eddie's maintained insurance policies with Philadelphia Insurance Co. ("Philadelphia") and Valley Forge Insurance Co. ("Valley Forge"). Philadelphia provided legal counsel and settled the case. As part of the settlement agreement, Fast Eddie's assigned Rivera its legal rights against Valley Forge. Rivera then filed a third-party complaint against Valley Forge, asserting Fast Eddie's claims for breach of contract and bad faith. Valley Forge removed the case to federal court. Rivera moved to

11

remand.

The New Mexico district court determined that Valley Forge, despite being denominated a third-party defendant, could remove the third-party complaint. The *Rivera* court reasoned:

> Here, the original controversy is no longer in litigation; all claims between the original Plaintiff and Defendants have been resolved in a court-approved settlement. Rivera is pursuing its current claim by virtue of an assignment that was a part of her settlement with Fast Eddie's. Therefore, this is not a case where Plaintiff's choice of forum could be defeated by the actions of a party against which she did not bring suit. Rivera, the original Plaintiff, is indeed bringing suit against Valley Forge, though she is doing so in the shoes of Fast Eddie's, the original Defendant. Therefore, for all practical intents and purposes, this suit is identical to an ordinary claim by a plaintiff (Rivera) against a defendant (Valley Forge). It would be anomalous on the one hand to accord an ordinary defendant a right of removal, while on the other hand denying Valley Forge that right simply because of the peculiar stylings of state-law procedure. "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 [] (1941). Therefore, the Court will treat Valley Forge as a defendant for purposes of § 1441(a), and accord it a right of removal.

*Rivera*, 829 F. Supp. 2d at 1091-92.

The West Virginia district court found this reasoning to be persuasive in the *Columbian Chemicals* matter because the underlying class action claims had been or were anticipated to be dismissed when the third-party complaint was filed. The West Virginia district court also opined that "Columbian's waiting until the eleventh hour to file its complaint against AIG indicates procedural gamesmanship, which is highly disfavored." *Columbian Chemicals*, 2015 WL 12755709, at *3. According to the West Virginia district court:

> Holding that AIG should be treated as a defendant for purposes of removal is consistent with the competing policies underlying removal to federal court. On one hand, courts are obligated to respect the plaintiff's choice of forum, and on the other, allow defendants to be free from state court bias. Here, the [class action] plaintiffs' claims have been settled and dismissed; therefore, "this is not a case where plaintiff's choice of forum could be defeated" by a third-party defendant. Here, the plaintiff,

> Columbian, sought a state forum for its declaratory judgment action against AIG. Having met its burden demonstrating diversity jurisdiction, AIG, as defendant, wishes to exercise its right to remove this case to federal court, which this Court will honor.

*Id.* (internal citations omitted).

Nevertheless, the exception for third-party defendants carved out in *Rivera* and *Columbian Chemicals* provides no solace for Responding Defendants. As related above, this Court lacks subject matter jurisdiction over litigation brought by or against the Receiver. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The plain language of § 1447(c) provides no discretion but to remand an action removed from state court over which the federal court lacks subject matter jurisdiction. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (citing *Maine Ass'n of Interdependent Neighborhoods v. Commissioner*, 876 F.2d 1051, 1054 (1st Cir. 1989)). On these alternate grounds, the Receiver's motion to remand is granted.

## IV. CONCLUSION

For the reasons stated, the Receiver's motion to remand, ECF No. 7, is **GRANTED**. This matter is REMANDED to the Court of Common Pleas for the County of Richland, State of South Carolina.

**IT IS SO ORDERED.**

Signed this 13th day of August 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE